1  Tanya L. Forsheit, Bar No. 192472
   *tforsheit@bakerlaw.com*
2  Daniel M. Goldberg, Bar No. 280718
   *dgoldberg@bakerlaw.com*
3  **BAKER & HOSTETLER LLP**
   11601 Wilshire Boulevard, Suite 1400
4  Los Angeles, CA  90025-0509
   Telephone:    310.820.8800
5  Facsimile:    310.820.8859

6  Attorneys for Defendants 21st Century Oncology of
   California and 21st Century Oncology Holdings, Inc.
7

8
                    **UNITED STATES DISTRICT COURT**
9
                  **NORTHERN DISTRICT OF CALIFORNIA**
10

11

12  JAMES CORBEL and ROXANNE              Case No.:   3:16-cv-02994
    HAATVEDT, individually and on behalf of a
    class of similarly-situated individuals,
13                                         **NOTICE OF REMOVAL OF
                                           DEFENDANTS 21ST CENTURY**
14           Plaintiffs,                   **ONCOLOGY OF CALIFORNIA AND
                                           21ST CENTURY ONCOLOGY**
15      v.                                 **HOLDINGS, INC. UNDER CLASS
                                           ACTION FAIRNESS ACT OF 2005**
16  21ST CENTURY ONCOLOGY OF
    CALIFORNIA, A MEDICAL                  [Filed concurrently with Notice of Pendency
17  CORPORATION; 21ST CENTURY             of Other Action or Proceeding]
    ONCOLOGY HOLDINGS, INC.; and DOES 1
    through 10, inclusive,
18
             Defendants.
19

20

21

22

23

24

25

26

27

28

BAKER & HOSTETLER LLP
ATTORNEYS AT LAW
LOS ANGELES

Pursuant to 28 U.S.C. §§ 1332(d), 1441, 1446, and 1453, Defendants 21ST CENTURY ONCOLOGY OF CALIFORNIA and 21ST CENTURY ONCOLOGY HOLDINGS, INC. (collectively, "Defendants") remove this case from the Superior Court of the State of California, County of Alameda, where it was originally filed, to the United States District Court for the Northern District of California. The United States District Court for the Northern District of California is the district and division embracing the place where this action was originally filed, thus satisfying the requirement of 28. U.S.C. § 1441(a). As grounds for this removal, Defendants state as follows:

**I.    <u>BACKGROUND</u>**

On April 25, 2016, Plaintiffs filed their Complaint in this putative class action against Defendants in the Superior Court of the State of California, County of Alameda, Case Number RG16813081. A true and correct copy of the entire state court file, including all pleadings, process, and orders served on or received by the Defendants, is attached to this Notice of Removal as Exhibit A.

Plaintiffs allege that "by failing to properly secure its network and allowing an unauthorized third party to access and acquire the former patients' personal and medical information, 21st Century failed to live up to its duty of protecting such information." Complaint ("Compl.") ¶ 34.

Plaintiffs seek to certify a class defined as:

All patients of 21st Century Oncology and its network of treatment centers and physicians, who are residents of the State of California, and whose confidential personally identifiable medical information was accessed or acquired by an unauthorized third party in the data breach described in 21st Century Oncology's March 2016 data breach notification.

*Id.* ¶ 64.

Plaintiffs, individually and on behalf of the class, purport to state claims for violation of the Confidentiality of Medical Information Act, Cal. Civ. Code §§ 56, *et seq*.  (First Cause of Action).

BAKER & HOSTETLER LLP
ATTORNEYS AT LAW
LOS ANGELES

BAKER & HOSTETLER LLP
ATTORNEYS AT LAW
LOS ANGELES

## II. GROUNDS FOR REMOVAL

### A. Removal is Timely.

Defendant 21st Century Oncology of California was served with the Complaint on May 3, 2016 and Defendant 21st Century Oncology Holdings, Inc. was served with the Complaint on May 6, 2016. Because Defendants filed this Notice of Removal within thirty days of receipt of the Complaint through service or otherwise, the Notice of Removal is timely under 28 U.S.C. § 1446(b). *See Murphy Bros. v. Michetti Pipe Stringing, Inc.*, 526 U.S. 344, 348 (1999) (time period for removal begins when the defendant is served).

### B. This Court Has Original Jurisdiction Under CAFA.

This Court has jurisdiction of this civil action pursuant to the Class Action Fairness Act ("CAFA"), Pub. L. No. 109-2, codified in part as 28 U.S.C. § 1332(d). Under CAFA, any putative class action commenced on or after February 18, 2005, may be removed when:

    a. The suit involves a class action filed under Federal Rule 23 or a similar state statute;

    b. Any "class member" is a citizen of a state different from any defendant;

    c. The class members' claims, in aggregate, exceed the sum or value of $5,000,000[1] exclusive of interest and costs; and

    d. The number of members of the proposed class exceeds 100.

28 U.S.C. § 1332(d)(1)(B), (d)(2), (d)(2)(A), (d)(2)(C), & (d)(5)(B).

### C. This Case Involves a "Class Action" As Defined By CAFA.

CAFA defines a "class action" as:

(B) the term "class action" means any civil action filed under rule 23 of the Federal Rules of Civil Procedure or similar State statute or rule of judicial procedure authorizing an action to be brought by 1 or more representative persons as a class action[.]

---

[1] The amounts set forth in this Notice of Removal are solely for purposes of establishing that the amount in controversy exceeds the $5,000,000 threshold and are not intended and cannot be construed as an admission that Plaintiffs can state a claim or is entitled to damages in any amount. Defendants deny liability, deny Plaintiffs are entitled to recover any amount, and deny that a class can be properly certified in this matter.

1  28 U.S.C. § 1332 (d)(1)(B).

2      Plaintiffs seek class certification under California law pursuant to Cal. Civ. Pro. §382.

3  Compl. ¶ 64. Section 382 is similar to Federal Rule of Civil Procedure 23. *See Baumann v.*

4  *Chase Inv. Servs. Corp.*, 747 F.3d 1117, 1121 (9th Cir.).  Thus, the first CAFA requirement is

5  satisfied.

6      **D.**    **Minimal Diversity Exists**.

7      CAFA does not require complete diversity, but rather minimal diversity, which may be

8  established when "[a]ny member of a class of plaintiffs is a citizen of a State different from any

9  defendant." 28 U.S.C. § 1332(d)(2)(A).

10     Plaintiffs seek to represent a class that they approximate to include at least 500

11 individuals of whom are residents of the State of California.  Compl. ¶¶ 69, 64.  Defendants

12 include a Delaware corporation with its principal place of business in Florida (21st Century

13 Oncology Holdings, Inc.) and a California corporation with its principal place of business in

14 Florida (21st Century Oncology of California).  Compl. ¶¶ 4-5.  Thus, minimal diversity exists

15 because at least one plaintiff and at least one defendant are citizens of different states.  *See* 28

16 U.S.C. § 1332(d)(2)(A); *Abrego Abrego v. The Dow Chem. Co.*, 443 F.3d 676, 680 (9th Cir.

17 2006) ("One way to satisfy minimal diversity is by demonstrating that any member of a class of

18 plaintiffs is ... a citizen or subject of a foreign state and any defendant is a citizen of a State.")

19 (Internal citations omitted).

20     **E.**    **The Amount in Controversy Exceeds the CAFA Threshold.**

21     CAFA requires that a Complaint put in controversy more than $5,000,000, exclusive of

22 interest and costs.  *See* 28 U.S.C. § 1332(d)(2). Importantly, CAFA requires claim aggregation

23 when determining the amount put at issue by a complaint:

24     In any class action, the claims of the individual class members shall be aggregated to

25     determine whether the matter in controversy exceeds the sum or value of $5,000,000,

26     exclusive of interest and costs.

27 28 U.S.C. § 1332(d)(6).

28

BAKER & HOSTETLER LLP
ATTORNEYS AT LAW
LOS ANGELES

Where a complaint does not specify the amount of damages sought, as is the case with Plaintiffs' Complaint, the removing defendant must prove by a preponderance of the evidence that the jurisdictional amount-in-controversy is satisfied. 28 U.S.C. § 1446(c)(2)(B). The Supreme Court has held that "a defendant's notice of removal need include only a plausible allegation that the amount in controversy exceeds the jurisdictional threshold" to meet this threshold. *Dart Cherokee Basin Operating Co., LLC v. Owens*, 135 S. Ct. 547, 554 (2014).

Plaintiffs' putative class action complaint easily puts more than the requisite $5,000,000 at issue in this case.  Plaintiffs seek to represent a class that they concede includes at least 500 individuals. Compl. ¶ 69. In fact, according to Defendants' records, 21st Century Oncology's March 2016 notification was sent to 57,198 California addresses.  Plaintiffs seek $1,000 in statutory damages for themselves and the putative class for alleged violations of the California Confidentiality of Medical Information Act.  Compl. ¶ 84.  This equals $57,198,000—well over the $5 million jurisdictional minimum under CAFA.

In addition, Plaintiffs seek compensatory damages, punitive damages not to exceed three thousand dollars ($3,000), and attorneys' fees under Cal. Civ. Code §56.35.  *Id.*, Prayer for Relief (g).  Accordingly, more than the $5,000,000 amount in controversy required under CAFA, 28 U.S.C. § 1332(d)(2), is at issue here.

### F.    The Putative Class Includes at Least 100 Members.

CAFA's expanded jurisdiction applies to class actions comprised of one hundred (100) or more class members. *See* 28 U.S.C. § 1332(d)(5)(B). Plaintiffs allege that their proposed class includes at least 500 individuals. Compl. ¶ 69.  Thus, CAFA applies here.  *See* 28 U.S.C. § 1332(d)(5)(B).

///
///
///
///
///
///

BAKER & HOSTETLER LLP
ATTORNEYS AT LAW
LOS ANGELES

4

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

BAKER & HOSTETLER LLP
ATTORNEYS AT LAW
LOS ANGELES

G.   **No Prior Application**.

No prior application has been made for the relief requested herein.  Defendants respectfully request an opportunity to brief and argue before the Court any issue or question concerning the removal of this case in the event Plaintiffs seek remand or the Court otherwise visits the issue.[2]

III.   **CONCLUSION**

For all of the foregoing reasons, this Court has original jurisdiction pursuant to 28 U.S.C. § 1332(d) and this case should be removed pursuant to 28 U.S.C. §§ 1441 & 1453.

Dated:    June 1, 2016

Respectfully submitted,

BAKER & HOSTETLER LLP

By:    */s/Tanya L. Forsheit*
        Tanya L. Forsheit
        Daniel M. Goldberg

Attorneys for Defendants
21st Century Oncology of California and 21st Century Oncology Holdings, Inc.

---

[2] Nothing in this Notice of Removal shall be interpreted as substantially invoking the litigation process or as a waiver or relinquishment of Defendants' right to assert any defense or affirmative matter, including, but not limited to, the defenses of: (1) lack of jurisdiction over the person; (2) insufficiency of process; (3) insufficiency of service of process; (4) improper joinder of claims and/or parties; (5) failure to state a claim; (6) the mandatory arbitrability of some or all of the claims; (7) failure to join indispensable parties; or (8) any other pertinent defense available under Fed. R. Civ. P. 8 and 12, any state or federal statute, or otherwise.

5

## PROOF OF SERVICE

I am employed in Los Angeles County, California.  I am over the age of eighteen years and not a party to the within-entitled action.  My business address is 11601 Wilshire Blvd., Suite 1400, Los Angeles, CA  90025.  I am readily familiar with this firm's practice for collection and processing of correspondence for mailing with the United States Postal Service.  On June 1, 2016, I placed with this firm at the above address for deposit with the United States Postal Service a true and correct copy of the within document: **NOTICE OF REMOVAL OF DEFENDANTS 21ST CENTURY ONCOLOGY OF CALIFORNIA AND 21ST CENTURY ONCOLOGY HOLDINGS, INC. UNDER CLASS ACTION FAIRNESS ACT OF 2005** in sealed envelopes, postage fully paid, addressed as follows:

**SEE ATTACHED SERVICE LIST**

Following ordinary business practices, the envelopes were sealed and placed for collection and mailing on this date, and would, in the ordinary course of business, be deposited with the United States Postal Service on this date.

I declare under penalty of perjury under the laws of the State of California that the above is true and correct.

Executed on June 1, 2016, at Los Angeles, California.



_____

Priscilla Markus

BAKER & HOSTETLER LLP
ATTORNEYS AT LAW
LOS ANGELES

1

## SERVICE LIST

2

Eric. A Grover                              *Attorneys for Plaintiffs*
3   Carey G. Been                              *JAMES CORBEL and ROXANNE HAATVEDT*
    **KELLER GROVER LLP**
4   1965 Market Street
    San Francisco, CA 94103
5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

BAKER & HOSTETLER LLP
ATTORNEYS AT LAW
LOS ANGELES