### UNITED STATES JUDICIAL PANEL
### on
### MULTIDISTRICT LITIGATION

**IN RE: 21ˢᵗ CENTURY ONCOLOGY CUSTOMER
DATA SECURITY BREACH LITIGATION**                    MDL No. 2737

### TRANSFER ORDER

**Before the Panel:** Defendants[1] move under 28 U.S.C. § 1407 to centralize the litigation in the Middle District of Florida.  Plaintiffs in ten actions and two potential tag-along actions pending in the Middle District of Florida support the motion.  Most of these plaintiffs alternatively suggest centralization in the Southern District of Florida.  Plaintiffs in the Central District of California and Northern District of California actions oppose centralization.  This litigation consists of sixteen actions pending in three districts, as listed on Schedule A.  Additionally, the Panel has been notified of two related actions pending in the Middle District of Florida.[2]

On the basis of the papers filed and the hearing session held, we find that centralization under Section 1407 in the Middle District of Florida will serve the convenience of the parties and witnesses and promote the just and efficient conduct of this litigation.  These putative nationwide and statewide class actions share factual issues concerning an October 2015 data breach in which the personally identifiable information of more than two million 21ˢᵗ Century patients was compromised. Centralization will eliminate duplicative discovery; prevent inconsistent pretrial rulings on class certification and other issues; and conserve the resources of the parties, their counsel, and the judiciary.

In opposing centralization, the California plaintiffs argue, *inter alia*, that (1) their actions involve only California plaintiffs, name a unique defendant, and bring a single unique California statutory claim; (2) informal cooperation is sufficient to minimize any overlapping discovery; and (3) transfer to Florida would substantially inconvenience the California plaintiffs and their counsel. We find these arguments unconvincing. Section 1407 does not require a complete identity of factual issues or parties as a prerequisite to transfer, and "the presence of . . . differing legal theories is not significant where, as here, the actions still arise from a common factual core."  *In re: Auto Body Shop Antitrust Litig.*, 37 F. Supp. 3d 1388, 1390 (J.P.M.L. 2014).  Here, all actions stem from the

---

[1]       21ˢᵗ Century Oncology Holdings, Inc.; 21ˢᵗ Century Oncology, LLC; 21ˢᵗ Century Oncology Management Services, Inc.; 21ˢᵗ Century Oncology, Inc.; 21ˢᵗ Century Services, LLC; and 21ˢᵗ Century Oncology of California ("21ˢᵗ Century").

[2]       These and any other related actions are potential tag-along actions. *See* Panel Rules 1.1(h), 7.1, and 7.2.

I CERTIFY THE FOREGOING TO BE A TRUE
AND CORRECT COPY OF THE ORIGINAL
SHERYL L. LOESCH, CLERK
UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
BY: _____
DEPUTY CLERK

-2-

same data breach, and we are persuaded that discovery concerning the breach, how and when it was identified, what security measures 21st Century had in place for securing patient data, and what steps it took after discovery of the breach will be common among the Florida and California actions and is likely to be complex and time-consuming. While the actions on the motion pending in the Middle District of Florida do not involve the same California statutory claim asserted in the California actions, one of the potential tag-along actions filed in the Middle District of Florida does involve this claim.

The number of cases and law firms involved suggests that informal coordination with respect to discovery and other pretrial matters would not be practicable. With more than two million patients affected by the data breach, additional tag-along actions also may be forthcoming. Moreover, we often have held that, while it might inconvenience some parties, transfer of a particular action often is necessary to further the expeditious resolution of the litigation taken as a whole. *See, e.g., In re: Crown Life Ins. Premium Litig.*, 178 F. Supp. 2d 1365, 1366 (J.P.M.L.2001). Notably, plaintiff's counsel in the Central District of California action also represents plaintiff in one Middle District of Florida action.

The Middle District of Florida is an appropriate transferee forum for this litigation. 21st Century is headquartered in this district, and the witnesses and documents relevant to the facts of this litigation are located there. Defendants and some plaintiffs support selection of this district, where the vast majority of actions already are pending. We assign these cases to Judge Mary S. Scriven in the Tampa Division of the Middle District of Florida, an experienced jurist who has not yet had the opportunity to preside over an MDL.

IT IS THEREFORE ORDERED that the actions listed on Schedule A and pending outside the Middle District of Florida are transferred to the Middle District of Florida, and, with the consent of that court, assigned to the Honorable Mary S. Scriven for coordinated or consolidated pretrial proceedings.

PANEL ON MULTIDISTRICT LITIGATION

Sarah S. Vance
Chair

Marjorie O. Rendell          Charles R. Breyer
Lewis A. Kaplan              Ellen Segal Huvelle
R. David Proctor             Catherine D. Perry

IN RE: 21ˢᵗ CENTURY ONCOLOGY CUSTOMER
DATA SECURITY BREACH LITIGATION                              MDL No. 2737

## SCHEDULE A

### Central District of California

BONILLA v. 21ST CENTURY ONCOCLOGY OF CALIFORNIA, ET AL.,
    C.A. No. 5:16-01434

### Northern District of California

PADILLA v. 21ST CENTURY ONCOLOGY HOLDINGS, INC., ET AL.,
    C.A. No. 3:16-03711
CORBEL, ET AL. v. 21ST CENTURY ONCOLOGY OF CALIFORNIA, ET AL.,
    C.A. No. 3:16-02944

### Middle District of Florida

KAPLAN v. 21ST CENTURY ONCOLOGY HOLDINGS, INC., C.A. No. 2:16-00210
DICKMAN v. 21ST CENTURY ONCOLOGY HOLDINGS, INC., ET AL.,
    C.A. No. 2:16-00218
POLOVOY v. 21ST CENTURY ONCOLOGY HOLDINGS, INC., C.A. No. 2:16-00219
BIMONTE, ET AL. v. 21ST CENTURY ONCOLOGY, INC., ET AL., C.A. No. 2:16-00223
SCHWARTZ, ET AL. v. 21ST CENTURY, C.A. No. 2:16-00241
RUSSELL v. 21ST CENTURY ONCOLOGY HOLDINGS, INC., C.A. No. 2:16-00242
BABURCHAK, ET AL. v. 21ST CENTURY ONCOLOGY, LLC, ET AL.,
    C.A. No. 2:16-00245
BARBIERI v. 21ST CENTURY ONCOLOGY HOLDINGS, INC., C.A. No. 2:16-00252
RADAUSCHER, ET AL. v. 21ST CENTURY ONCOLOGY HOLDINGS, INC.,
    C.A. No. 2:16-00257
TRELEASE v. 21ST CENTURY ONCOLOGY HOLDINGS, INC., C.A. No. 2:16-00258
DELGADO v. 21ST CENTURY ONCOLOGY HOLDINGS, INC., C.A. No. 2:16-00259
MEULENBERG, ET AL. v. 21ST CENTURY ONCOLOGY HOLDINGS, INC.,
    C.A. No. 2:16-00332
BIRKEN-SIKORA, ET AL. v. 21ST CENTURY ONCOLOGY HOLDINGS, INC., ET AL.,
    C.A. No. 2:16-00334